Jeffrey K. Brown, Bar No. 162957
jrm@paynefears.com
Matthew J. Cute, Bar No. 265158
mjc@paynefears.com
PAYNE & FEARS LLP
4 Park Plaza, Suite 1100
Irvine, California 92614
Telephone: (949) 851-1100
Facsimile: (949) 851-1212

Howard S. Goldfarb
(pro hac vice application to be submitted)[1]
hgoldfarb@homerbonner.com
HOMER BONNER JACOBS, P.A.
1200 Four Seasons Tower
1441 Brickell Ave.
Miami, Florida 33131
Telephone: (305) 350-5115
Facsimile: (305) 982-0089

Attorneys for Defendant
CORINTHIAN COLLEGES, INC.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM G. RANSEL, Class Representative, and Does 1-50, inclusive,<br><br>Plaintiffs,<br><br>v.<br><br>CORINTHIAN COLLEGES, INC., a Delaware corporation doing business as Everest College, DAPHNE HERNDON, and Does 1-50, inclusive,<br><br>Defendants. | Case No.<br><br>(San Bernardino County Superior Court Case No. CIVDS1312837)<br><br>**DEFENDANT CORINTHIAN COLLEGES, INC.'S NOTICE OF REMOVAL OF CLASS ACTION** |

---

[1] Howard Goldfarb, Esq. and the law firm of Homer Bonner Jacobs, P.A. are not currently counsel of record but are in the process of preparing appropriate documents to appear *pro hac vice* as lead counsel for Defendant Corinthian Colleges, Inc.

**TO THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA AND TO ALL PARTIES AND THEIR COUNSEL OF RECORD**:

**PLEASE TAKE NOTICE** that Defendant Corinthian Colleges, Inc. (the "School") hereby removes the above-captioned action from the Superior Court of the State of California for the County of San Bernardino to the United States District Court for the Central District of California, Eastern Division.[2] This Court has original jurisdiction of this action under 28 U.S.C. §§ 1331 and 1332(d)(2)(A), and this action is removed to this Court pursuant to, among other applicable statutory provisions, 28 U.S.C. §§ 1441 and 1446. As grounds for removal, the School states as follows:

## I. BACKGROUND AND SUMMARY OF GROUNDS FOR REMOVAL

1. This a purported class action lawsuit filed against the School in the Superior Court of the State of California for the County of San Bernardino (Case No. CIVDS1312837) (the "State Court Action"). On or about October 23, 2013, Plaintiff William G. Ransel ("Plaintiff") filed an initial Complaint as an individual action between Plaintiff and the School. *See* Declaration of Matthew J. Cute, ¶ 3 ("Cute Decl."). Attached as Exhibit "A" to the Declaration of Matthew J. Cute are true and correct copies of the Summons and Complaint filed by Plaintiff. Before the deadline for the School to respond to the initial Complaint, Plaintiff filed a First Amended Complaint asserting a putative class action against the School and adding

---

[2] By removing this action, the School does not waive, and expressly reserves, any available defenses or rights, including, but not limited to, any rights to compel arbitration or for a stay pending arbitration.

1  four (4) new claims against the School, including a "Private Attorney General Act-
2  Qui Tam" claim. Cute Decl., ¶ 4. Attached as Exhibit "B" to the Declaration of
3  Matthew J. Cute is a true and correct copy of First Amended Complaint (cited to
4  herein as "First Am. Compl"). On May 29, 2014, Plaintiff provided a copy of the
5  First Amended Complaint to counsel for the School. Cute Decl., ¶ 5.

7  2. This Court has original jurisdiction over this case pursuant to 28 U.S.C.
8  § 1331 because the First Amended Complaint asserts an alleged claim against the
9  School that allegedly arises under the laws of the United States, namely a purported
10 "Private Attorney General, Qui Tam Action."

12 3. This Court also has original jurisdiction over this case pursuant to 28
13 U.S.C. § 1332 (d)(2)(A) because this action is brought as a putative class action, any
14 member of the class of plaintiffs is a citizen of a State different from any defendant,
15 and the amount in controversy allegedly exceeds the sum or value of the
16 jurisdictional minimum.

18 4. Accordingly, the State Court Action is removable to this Court. 28
19 U.S.C. § 1441(a) ("Except as otherwise expressly provided by Act of Congress, any
20 civil action brought in a State court of which the district courts of the United States
21 have original jurisdiction, may be removed by the defendant or the defendants, to the
22 district court of the United States for the district and division embracing the place
23 where such action is pending.").

25 5. Also, venue is proper in this Court because the District Court for the
26 Central District of California, Eastern Division, is the district and division within
27 which the State Court Action is pending. *Id*.

### A.     Removal Is Appropriate Pursuant to the Class Action Fairness Act of 2005

6. Pursuant to the Class Action Fairness Act of 2005 ("CAFA") and 28 U.S.C. § 1332(d), federal courts are granted original jurisdiction over class actions in which: (i) there is minimal diversity; (ii) the aggregate amount in controversy exceeds the jurisdictional minimum proscribed in 28 U.S.C. § 1332(d), exclusive of interest and costs; and (iii) there are 100 or more class members. *See* 28 U.S.C. §§ 1332(d)(2)(A), 1332(d)(5)(B), and 1332(d)(6).

#### i.     Removal Under CAFA

7. This Court has original jurisdiction over this action under CAFA because (i) there is minimal diversity; (ii) there are allegedly more than 100 putative class members; and (iii) the aggregate amount in controversy exceeds the aggregate jurisdictional minimum proscribed in 28 U.S.C. § 1332(d), exclusive of interest and cost. *See* 28 U.S.C. §§ 1332(d)(2)(A), 1332(d)(5)(B), and 1332(d)(6).

#### ii.     Minimal Diversity Exists, and There Is No Basis to Decline Jurisdiction

8. CAFA's requirement that any one member of the proposed class be a citizen of a state different from any defendant is satisfied in this case. 28 U.S.C. § 1332(d)(2). Under the statute, "[c]itizenship of the members of the proposed plaintiff classes shall be determined for purposes of paragraphs (2) through (6) as of the date of filing of the complaint or amended complaint." 28 U.S.C. § 1332(c)(7).

9. The School is (and was at the time Plaintiff filed his Complaint) a corporation organized under the laws of the State of Delaware operating with its

1 principal place of business in California and at least one of its college campuses in
2 the State of California. (First Am. Compl., ¶ 3.) According to the First Amended
3 Complaint, the School "operates 125 schools in 25 states in the U.S. and 17 colleges
4 in the province of Ontario, Canada" and that, as of September 30, 2010, the School
5 "enrolled more than 113,800 students throughout the United States and Canada[.]"
6 (First Am. Compl., ¶ 12.)

8       10. The other named defendant in this lawsuit, Daphne Herndon
9 ("Herndon"), is an individual alleged to be an employee of the School and a resident
10 of the State of California.[3] (First Am. Compl., ¶ 93.) Plaintiff also includes "Does
11 1-50" as defendants in the case, but does not allege any specific information
12 regarding the citizenship of these Doe defendants and asserts that their true names
13 and capacities are "unknown to Plaintiff." These fictitious defendants are not
14 included in determining whether minimal diversity exists. 28 U.S.C. § 1441(b)(1)
15 (in determining whether a civil action is removable on the basis of diversity
16 jurisdiction, "the citizenship of defendants sued under fictitious names shall be
17 disregarded").

19       11. According to the First Amended Complaint, the proposed nationwide
20 class consists of the following students and potential students of the School: "all
21 Students and Potential Students to whom the Defendants made false statements and
22 misrepresentations in an effort to obtain money from government agencies through
23 those Class Members … The best estimate of the number of those Class Members is

---

[3] Defendant Herndon was not named as a defendant in the initial complaint and was added as a defendant in the First Amended Complaint. At present, Plaintiff has not served Defendant Herndon with the First Amended Complaint. Cute Decl., ¶ 6.

1000 in the State of California and many times that Nationwide." (First Am. Compl., ¶ 2.)

12. The named Plaintiff is alleged to be a resident of the State of California at the time of filing the Complaint (and the subsequent First Amended Complaint). (First Am. Compl., ¶ 1.) However, as the School operates colleges in 25 different states across the country (as alleged by Plaintiff), there are students and potential students of the School who are residents and citizens of each of those states, including states other than California or Delaware, and who have obtained loans from government agencies to attend these colleges. *See* Declaration of Brendan Sheehey, ¶ 2. Accordingly, there are individual members of this proposed class who are residents of states other than California or Delaware, so as to create minimal diversity between the School and Plaintiff.

13. There is therefore at least minimal diversity between the School and Plaintiff. 28 U.S.C. § 1332(d)(1)(D) ("the term 'class members' means the persons (named or unnamed) who fall within the definition of the proposed or certified class in a class action"); 28 U.S.C. § 1332(d)(2)(A).

### iii. The Proposed Class Allegedly Totals More Than 100 Individuals

14. Plaintiff alleges that "[t]he best estimate of the number of [] Class Members is 1000 in the State of California and many times that Nationwide." (First Am. Compl., ¶ 2.) The proposed Class therefore satisfies the requirement that the number of proposed class members in the aggregate is 100 or more. (First Am. Compl., ¶ 2); 28 U.S.C. § 1332(d)(2) and (d)(5)(B).

### iv. The Amount in Controversy Exceeds the $5 Million Jurisdictional Minimum

15. To remove an action to federal court under CAFA, the alleged claims of the proposed class must exceed the sum or value of the jurisdictional amounts proscribed under § 1332(d), in the aggregate. 28 U.S.C. § 1332(d)(2). However, "if a federal court is uncertain about whether 'all matters in controversy' in a purported class action 'do not in the aggregate exceed the sum or value of [the jurisdictional minimum],' the court should err in favor of exercising jurisdiction over the case." S. Rep. 109-14 at 42.

16. Plaintiff's First Amended Complaint does not specify the total amount in controversy, but the face of the First Amended Complaint does make clear that it exceeds the $5,000,000 jurisdictional minimum set forth by 28 U.S.C. § 1332(d)(2):

  i. With respect to the first alleged cause of action for "Fraud and/or Fraudulent Inducement," Plaintiff seeks actual damages in the form of the "entire cost of Plaintiff's and Class Members [sic] coursework," which Plaintiff earlier alleged to be $18,500 in connection with Plaintiff's coursework and "[s]imilar amounts or more were incurred by the Class Members." (First Am. Compl., ¶¶ 36, 97.) Plaintiff also seeks unspecified punitive damages. (First Am. Compl., ¶ 98.)

  ii. With respect to the second alleged cause of action for "Negligent Misrepresentation," Plaintiff seeks actual damages in the form of the "entire cost of Plaintiff's, Class Members' coursework," which Plaintiff earlier alleged to be $18,500 in connection with Plaintiff's coursework and "[s]imilar amounts or more were incurred by the Class Members."

(First Am. Compl., ¶¶ 36, 106.)  Plaintiff also seeks the repayment of loans on behalf of the Member Class "in an amount according to proof but believed to exceed $50 million dollars." (First Am. Compl., ¶ 106.)

iii. With respect to the third alleged cause of action for "Breach of Written Contract," Plaintiff seeks actual damages in the form of "an entire course of study at Everest College," which Plaintiff earlier alleged to be $18,500 in connection with Plaintiff's coursework and "[s]imilar amounts or more were incurred by the Class Members." (First Am. Compl., ¶¶ 36, 113.)

iv. With respect to the fourth alleged cause of action for "Unjust Enrichment," Plaintiff alleges that Plaintiff and Other Class Members paid for an entire course of study at Defendants' Corinthian/Everest Colleges," which Plaintiff earlier alleged to cost $18,500 in connection with Plaintiff's coursework and "[s]imilar amounts or more were incurred by the Class Members," and Plaintiff claims that the School "gave NOTHING of value to the Plaintiff or Class Members." (First Am. Compl., ¶¶ 36, 115, 116.)

v. With respect to the fifth alleged cause of action for "Declaratory Relief," Plaintiff seeks a declaration "as to the proper sums to be refunded to himself, to each Class Member, and to each Government Agency by Defendants.  This amount is estimated to be in well in excess of $20 million dollars in California and/or in excess of $100 Million Dollars in the United States." (First Am. Compl., ¶ 120.)

vi. With respect to the sixth alleged cause of action for "Unfair Business Practices" in violation of Business and Professions Code Section 17200,

Plaintiff seeks, in addition to the remedies sought elsewhere in the First Amended Complaint, all remedies allowed under the statute, including disgorgement, injunctive relief, attorney's fees, and costs. (First Am. Compl., ¶ 124.)

vii. With respect to the seventh alleged cause of action for "False Advertising" in violation of Business and Professions Code Section 17500, Plaintiff seeks, in addition to the remedies sought elsewhere in the First Amended Complaint, all remedies allowed under the statute, including disgorgement and injunctive relief. (First Am. Compl., ¶ 128.)

viii. With respect to the eighth alleged cause of action for "Private Attorney General Act, Qui Tam Action," Plaintiff "seeks to recover for the various Government Agencies the money taken directly and/or indirectly through the pattern of illegal acts and practices of the Defendants," as well as "any rewards and/or Attorney fees available under such Actions." (First Am. Compl., ¶¶ 131-132.)

ix. With respect to the ninth alleged cause of action for "Conversion/Theft by Trick or Device," Plaintiff seeks "in addition to return of the stolen money and Plaintiff for himself and the other Class Members[,] Plaintiff requests any and all remedies, fines, and treble damages as permitted by law for himself and all Class Members." (First Am. Compl., ¶ 135.)

17. The amount in controversy "is simply an estimate of the total amount in dispute, not a prospective assessment of defendant's liability." *Lewis v. Verizon Comm., Inc.,* 627 F.3d 395, 400 (9th Cir.2010); *see also Korn v. Polo Ralph Lauren Corp.*, 536 F. Supp. 2d 119, 1205 (E.D. Cal. 2008) ("The ultimate inquiry is what

1 amount is put 'in controversy' by the plaintiff's complaint, not what a defendant will
2 actually owe."). "[T]he [CAFA] statute tells the District Court to determine whether
3 it has jurisdiction by adding up the value of the claim of each person who falls
4 within the ... proposed class and determin[ing] whether the resulting sum exceeds $5
5 million." *Standard Fire Ins. Co. v. Knowles,* 133 S. Ct. 1345, 1348 (2013).

7     18.    The court is to assume, for purposes of the amount in controversy
8 only, "that the allegations of the complaint are true and assume that a jury will return
9 a verdict for the plaintiff on all claims made in the complaint," notwithstanding how
10 defensible the claims really are. *Campbell v. Vitran Exp., Inc.*, 471 F. App'x 646,
11 648 (9th Cir. 2012). The court "first look[s] to the complaint. Generally, the sum
12 claimed by the plaintiff controls if the claim is apparently made in good faith."
13 *Lewis v. Verizon Communications, Inc.,* 627 F.3d 395, 4399 (9th Cir. 2010). The
14 court, however, considers "not only the facts alleged in the complaint … but also
15 summary judgment type evidence relevant to the amount in controversy at the time
16 of removal." *See Campbell*, 471 F. App'x at 648 (citation, internal quotes omitted).
17 Where, as here, a complaint "alleges on its face an amount in controversy sufficient
18 to meet the federal jurisdictional threshold, such requirement is presumptively
19 satisfied unless it appears to a legal certainty that the plaintiff cannot actually
20 recover that amount." *See Guglielmino v. McKee Foods Corp.*, 506 F.3d 699, 700
21 (9th Cir. 2007) (internal quotations omitted).

23     19.    Where "an underlying statute authorizes an award of attorneys' fees,
24 either with mandatory or discretionary language, such fees may be included in the
25 amount in controversy." *See Campbell*, 471 F. App'x at 649. The court thus takes
26 into account claimed "common law and statutory damages, [and] exemplary and
27 punitive damages," *See Guglielmino*, 506 F.3d at 700, as well as "potential damages

for emotional distress." *Martinez v. Reserve Life Ins. Co.*, No. 87-CV-5832, 1989 WL 79854, *2 (9th Cir. July 12, 1989).

20. In this case, Plaintiff alleges that he and the members of the putative class each incurred certain student loan debt to attend the School, which Plaintiff alleges cost $18,500 in connection with Plaintiff's own coursework and that "similar amounts or more" were incurred by each class member. (First Am. Compl., ¶ 36.) Plaintiff seeks the refund of these monies and unspecified punitive damages, and unspecified disgorgement. (First Am. Compl., ¶¶ 97-98, 106, 113, 115-116, 120, 124, 128, 131-132, 135.) In addition, Plaintiffs seek an undetermined amount of attorney's fees.

21. As a threshold matter, Plaintiff specifically alleges that, on behalf of the putative class and unnamed government agencies, Plaintiff seeks to recover in this lawsuit at least $100 million from the School. (First Am. Compl., ¶ 120) (alleging that the amount of loans to be recovered in this lawsuit "is estimated to be in well in excess of $20 million dollars in California and/or in excess of $100 Million Dollars in the United States."). This alone exceeds the aggregate jurisdictional minimum prescribed in § 1332(d).

22. Moreover, assuming even that the low end of Plaintiff's purported cost of coursework ($18,500) is representative of each putative class members' damage claim (and Plaintiff alleges this to be the case), and assuming Plaintiff's purported class of at least 1,000 individuals (although Plaintiff claims there are "many times that Nationwide"), the claim pertaining to only the recoupment of these monies will cause the claimed amount at issue in this lawsuit to exceed the aggregate jurisdictional minimum proscribed in § 1332(d) (*i.e.,* 1,000 class members each seeking the recoupment of $18,500 in monies equates to $18,500,000). 28 U.S.C. §

NOTICE OF REMOVAL OF CLASS ACTION

1332(d)(6) (providing that the claims of all individual class members are aggregated to determine the amount in controversy).

23. Further, when adding in Plaintiff's requested punitive damages and unspecified disgorgement the amount at issue for the entire class exceeds CAFA's minimum aggregate requirement. 28 U.S.C. § 1332(d). Plaintiff's requested attorney's fees also adds at least 12.5% of purported damages (as a conservative estimate of a reasonable attorney's fees in a class action) to the amount in controversy. *See Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 698 (9th Cir. 2007) (affirming a calculation of the amount in controversy that measured attorneys' fees "by a 'conservative' estimate of 12.5% of economic damages").

24. Accordingly, under virtually any formula, and under any one of Plaintiff's claims, CAFA's $5,000,000 aggregate requirement is satisfied in this case.

### v. The CAFA Exceptions Do Not Apply

25. This action does not involve or solely involve (i) a claim concerning a covered security as defined under 16(f)(3) of the Securities Act of 1933 (15 U.S.C. § 78p(f)(3)) and § 28(f)(E) of the Securities Exchange Act of 1934 (15 U.S.C. § 78bb(f)(5)(E)); (ii) a claim that relates to the internal affairs or governance of a corporation or other form of business enterprise and arises under or by virtue of the laws of the State in which such corporation or business enterprise is incorporated or organized; or (iii) a claim that relates to the rights, duties (including fiduciary duties), and obligations relating to or created by or pursuant to any security (as defined under § 2(a)(1) of the Securities Act of 1933 (15 U.S.C. § 77b(a)(1) and the regulations issued thereunder). 28 U.S.C. §§ 1332(d)(9), 1453(d).

26. Accordingly, the CAFA exceptions set forth in 28 U.S.C. §§ 1332 and 1453(d), do not apply.

### B. Removal Is Appropriate Because This Court Has Federal Question Jurisdiction

27. This Court has original jurisdiction of this action under 28 U.S.C. § 1331 because the First Amended Complaint asserts an alleged claim against the School that allegedly arises under the laws of the United States, namely a purported "Private Attorney General, Qui Tam Action."[4] *See* First Am. Compl., ¶¶ 129-132.

28. This Court also has supplemental jurisdiction under 28 U.S.C. § 1367(a) with respect to all other claims because all of Plaintiff's alleged claims, which concern the same supposed misrepresentations made by the School to students and potential students, form part of the same case or controversy. 28 U.S.C. § 1367(a) (where a district court has original jurisdiction, the district court "shall have supplemental jurisdiction over all other claims that are so related to the claims in the action within such original jurisdiction that they form part of the same case or controversy").

---

[4] The First Amended Complaint does not specify the specific statute or specific government agency that provides Plaintiff with any purported right to assert a qui tam claim in this lawsuit, but it does reference that it is brought on behalf of "Federal Government Agencies." *See, e.g.*, First Am. Compl., ¶ 130. For this reason, it is clear Plaintiff premises his purported qui tam claim under a federal statute.

## II. THE NOTICE OF REMOVAL IS TIMELY

29. A notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading setting forth the claim for relief. 28 U.S.C. § 1446(b)(3). On May 29, 2014, Plaintiff's counsel for the first time provided a copy of the First Amended Complaint to the School. Cute Decl., ¶ 5. This notice of removal has been filed within 30 days of the School's receipt of the First Amended Complaint, and therefore this notice of removal is timely filed.

## III. THE SCHOOL HAS COMPLIED WITH PROCEDURAL REQUIREMENTS FOR REMOVAL

30. True and correct copies of the Summons and Complaint and First Amended Complaint provided to the School are attached as Exhibits A and B to the Declaration of Matthew J. Cute, filed concurrently herewith. This constitutes the complete pleadings, process and orders served upon or by the School in the State Court Action, as required by 28 U.S.C. § 1446(a).

31. Upon filing this Notice of Removal, the School will furnish written notice to Plaintiff's counsel, and will file and serve a copy of this Notice with the Clerk of the San Bernardino County Superior Court, pursuant to 28 U.S.C. § 1446(d).

## IV. RESERVATION OF RIGHTS

32. The School reserves all rights, including defenses and objections as to venue (including the right to compel arbitration), personal jurisdiction, and service,

and the filing of this notice of removal is subject to, and without waiver of, any such defenses and objections, including, but not limited to, any rights to compel arbitration or for a stay pending arbitration. The School reserves the right to amend or supplement this notice of removal.

## V. CONCLUSION

The School hereby respectfully removes this action from the Superior Court of the State of California for the County of San Bernardino to the United States District Court for the Central District of California.

Respectfully submitted,

DATED: June 25, 2014      PAYNE & FEARS LLP

By:  */s/ Matthew J. Cute*
         MATTHEW J. CUTE

Attorneys for Defendant
CORINTHIAN COLLEGES, INC.

4847-0955-1643.1

# PROOF OF SERVICE

*William G. Ransel v. Corinthian Colleges, Inc.*

**STATE OF CALIFORNIA, COUNTY OF ORANGE**

At the time of service, I was over 18 years of age and **not a party to this action**. I am employed in the County of Orange, State of California. My business address is Jamboree Center, 4 Park Plaza, Suite 1100, Irvine, CA 92614.

On June 25, 2014, I served true copies of the following document(s) described as **DEFENDANT CORINTHIAN COLLEGES, INC.'S NOTICE OF REMOVAL OF CLASS ACTION**, on the interested parties in this action as follows:

| | |
|---|---|
| Marc E. Grossman, Esq.<br>Gordon C. Strange, Esq.<br>Law Offices of Marc E. Grossman<br>100 N. Euclid Ave., 2nd Floor<br>Upland, California 91786<br>Tel: (909) 608-7426<br>Fax: (909) 949-0119<br>E-Mail: info@wefight4you.com | *Attorneys for Plaintiff*<br>WILLIAM G. RANSEL |

**BY MAIL:** I enclosed the document(s) in a sealed envelope or package addressed to the persons at the addresses listed in the Service List and placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with Payne & Fears LLP's practice for collecting and processing correspondence for mailing. On the same day that the correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on June 25, 2014, at Irvine, California.

_____
Maritza I. Hulke

PAYNE & FEARS LLP
ATTORNEYS AT LAW
JAMBOREE CENTER, 4 PARK PLAZA, SUITE 1100
IRVINE, CALIFORNIA 92614
(949) 851-1100